IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:15-cr-00290-LOVAED |
| | : | |
| NOE MONTES-BOBADILLA, | : | |
| Defendant. | : | |

**MOTION FOR CLARIFICATION OF COURT'S ORDER DISQUALIFYING ATTORNEY EDUARDO BALAREZO**

Comes now, the defendant NOE MONTES-BOBADILLA, by and through counsel and moves this Honorable Court for an order clarifying its ruling from the bench made on September 4, 2018 disqualifying Attorney Eduardo Balarezo from representing the defendant, NOE MONTES-BOBADILLA. Specifically, counsel requests that this Honorable Court enter an order disqualifying Attorney Balarezo from representing the defendant due to his potential conflict of interest. Further it is requested that Mr. Balarezo be barred from communicating directly with the defendant absent the approval of this Honorable Court or undersigned counsel. In support of which counsel states the following:

1. On August 20, 2018, the government moved to disqualify Attorney Eduardo Balarezo as counsel for the defendant. In part, the government alleged in its moving papers a potential conflict of interest necessitating the granting of the request for disqualification. In essence the government's motion identified Attorney Balarezo's prior contacts and representation with one or more individuals with potentially adverse interest to the defendant.

2. On September 4, 2018, this Honorable Court held a hearing on the government's disqualification motion. From the bench the Court granted the motion to disqualify Attorney Balarezo. During the hearing the Court noted the current trial date made Attorney

Balarezo unavailable. Notwithstanding this observation, the Court at counsel for the government's request specifically articulated that the government's motion was granted and that Attorney Balarezo was deemed disqualified.[1]

3. On September 5, 2018, this Honorable Court appointed undersigned counsel as co-counsel to Attorney Elita Amato pursuant to the Criminal Justice Act. *See* Title 18 U.S.C 3006.

4. Despite the Court's ruling on September 4, 2018, Attorney Balarezo subsequently caused a pleading to be filed on behalf of the defendant. This pleading was filed on or about September 12, 2018. At the time of this action Attorney Balarezo was aware of undersigned counsel and Attorney Elita Amato's representation of the defendant.[2] This action was taken without the knowledge, approval, or consent of Attorney Amato or undersigned counsel.

5. In response, this Honorable Court granted Attorney Amato's request to strike this pleading. The request to strike was predicated on the Court's disqualification ruling.[3]

---

[1] "Disqualification, where appropriate, ensures that the case is well presented in court, that confidential information of present or former clients is not misused, and that a client's substantial interest in a client's loyalty is protected." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 6 cmt. i (2000). *See In re Dresser Indus.,* 972 F.2d 540, 543 (5th Cir. 1992) (noting that courts should consider whether the "likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case").

[2] There can be no legitimate claim that Attorney Balarezo was aware of Attorney Amato's representation of the defendant and undersigned counsel's pending appointment at the time he took this action. Mr. Balarezo attended the September 4, 2018 hearing in the presence of Attorney Amato at defense counsel table. Further, on the same day Mr. Balarezo contacted undersigned counsel via telephone. During this conversation Mr. Balarezo expressed his strong disagreement with the court's disqualification ruling. In addition, Mr. Balarezo discussed undersigned counsel's pending appointment.
.
[3] It must also be noted that an exhibit attached to the offending pleading was purportedly written by the defendant. This is remarkable given the fact the defendant is illiterate and cannot read or write the English or Spanish language. It is difficult to imagine the defendant preparing such a document without the substantial influence of another. Interestingly the representations contained therein, if adopted by this Honorable Court, would undoubtedly create a pathway for a reconsideration of the disqualification of Attorney Balarezo.

6. The Court further struck the appearance of Attorney Daniel Dorsey. Attorney Daniel Dorsey served as local counsel for Attorney Balarezo. In doing so, the Court clearly took affirmative action to preclude Attorney Balarezo's representation of the defendant.

7. On September 14, 2018, undersigned counsel reduced to writing a request that Attorney Balarezo cease and desist all efforts to represent the defendant in light of the Court's ruling on his disqualification. A copy of counsel's correspondence to Attorney Balarezo is attached.

8. On September 17, 2018, counsel received a written response to his correspondence to Attorney Balarezo. Among other disturbing things, in the responsive correspondence Attorney Balarezo professes that the Court's disqualification ruling was limited. Specifically, Attorney Balarezo suggests that the predicate for the Court's ruling was exclusively due to his schedule conflict with the current trial date in this matter. He further proclaims to represent the defendant in other unidentified, unspecified, and allegedly unrelated matters.[4] Finally, Attorney Balarezo declares contrary to undersigned counsel's request he will continue communicating directly with the defendant.

9. Most disturbingly, in the same communication Attorney Balarezo directs the undersigned counsel not to attempt to inquire of the defendant the nature of his relationship with Mr. Balarezo. In doing so, Mr. Balarezo directly threatens undersigned counsel with reporting any such efforts to the "authorities." A copy of Attorney Balarezo's responsive letter is attached. Mr. Balarezo is without any legal, moral, or ethical justification to enforce any limitation on undersigned counsel's communication with the defendant.

10. Mr. Balarezo is not licensed to practice law in the Commonwealth of Virginia. Further, upon information and belief, Mr. Balarezo is not a member of the bar of this Honorable Court.

11. The defendant is a citizen of Honduras. He is currently detained at the Alexandria Adult Detention Center located in the Commonwealth of Virginia. He is presently in this judicial district exclusively for the purpose of answering the indictment in this matter. It is difficult, if not outright impossible, to conceive what if any other legal matters the defendant has which do not bear a "substantially relationship"[5] to the matter which this Honorable Court has already declared Mr. Balarezo disqualified.

12. Attorney Balarezo's continued efforts at representing the defendant are adversely impacting the undersigned counsel's ability to provide Constitutionally effective representation. These actions include filing of the aforementioned pleading on behalf of the defendant, providing legal advice to the defendant, communicating with the defendant absent the consent of undersigned counsel, and attempting to limit undersigned counsel's communications with the defendant. Individually and collectively these actions are an affront to the lawful attorney-client relationship between the defendant and undersigned counsel.

---

[5] To establish a substantial relationship, the legal advice that the lawyer gave in the prior representation need not be "relevant," at least in the evidentiary sense, to the pending litigation. *In re Corrugated Container Antitrust Litig.*, 659 F. 2d 1341, 1346 (5th Cir. Unit A 1981). "It need only be akin to the present action in a way reasonable persons would understand as important to the issues involved." *Hydril Co. v. Multiflex, Inc.*, 553 F. Supp. 552, 554 (S.D. Tex. 1982). "The test speaks in terms of a substantial *relationship*, not substantial *identity*, of legal and factual elements between the prior representation and the pending litigation." *Home Ins. Co. v. Marsh*, 790 S.W.2d 749, 753 (Tex. App.—El Paso 1990, orig. proceeding)(emphasis added).

4

13. Attorney Balarezo's interference with the undersigned counsel's representation of the defendant while Mr. Balarezo labors under a potential conflict of interest is unethical. It is in violation of Virginia Rules of Professional Responsibility 1.4.

14. Upon information and belief, Attorney Balarezo is continuing to represent the defendant in this matter and or "substantially related matters" despite the ruling of this Honorable Court. His *shadow* representation[6] is nothing more than a poor and misguided attempt to circumvent the unambiguous intentions of this Court. Such behavior should not be tolerated. It falls well below the standard this Honorable Court should expect of any attorney practicing before this tribunal.

15. Upon information and belief, Attorney Balarezo continues to exercise confidential communications with the defendant during his detention post his disqualification.[7]

16. Undersigned counsel has conferred with Assistant United States Attorney James Trump concerning the instant request. The government does not object to the granting of this request.

Wherefore, it is respectfully requested that this Honorable Court enter an order specifically disqualifying Attorney Balarezo from representing the defendant due to his potential conflict of interest. Further it is requested that Mr. Balarezo be barred from communicating directly with the defendant absent the approval of this Honorable Court or the undersigned counsel.

---

[6] An attorney-client relationship may encompass many types of legal work, including "the representation of a client in court proceedings, **advice to a client, and any action on a client's behalf that is connected with the law.**" *Hamrick v. Union Township*, 79 F. Supp. 2d 871, 875 (S.D. Ohio 1999)(emphasis added).

[7] These inappropriate contacts include Mr. Balarezo continuing to make use of attorney/client contact visits at the Alexandria Adult Detention Center as well as restricted attorney/client telephone calls. It is believed these actions are continuing despite his disqualification as counsel for the defendant.

I ASK FOR THIS:


_____/s/_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins
Virginia State Bar No.:  39161
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant NOE MONTES-BOBADILLA

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2018, I caused a true and accurate copy of the foregoing to be served via ECF on all counsel of record.


_____/s/_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins
Virginia State Bar No.:  39161
1010 Cameron Street
Alexandria, Virginia 22314
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for Defendant NOE MONTES-BOBADILLA