IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 1:15cr290 |
| | ) |
| NOE MONTES-BOBADILLA | ) |
| | ) |
| Defendant | ) |

ORDER

The Court has received a Motion for Clarification of Court's Order Disqualifying Attorney Eduardo Balarezo by Mr. Montes-Bobadilla's counsel Robert Jenkins (Dkt. 121). The motion asks the Court to bar Mr. Balarezo from further communicating with the Defendant Noe Montes-Bobadilla absent the approval of the Court or his counsel in this case, Mr. Jenkins and Ms. Amato. For the following reasons, the motion is **GRANTED**.

The court recently heard argument on the Government's Motion to Disqualify Mr. Balarezo on the alternate grounds of his own conflict with the trial date set here (November 27, 2018), as well as his conflict of interest in representing Mr. Montes-Bobadilla and Mr. Joaquin Archivaldo Guzman, who is set for trial on November 5, 2018 on similar cocaine charges in the Eastern District of New York. The conflict identified by the Government was of great concern to the Court, but since the Court refused to continue the trial date for reasons identified during the hearing and in a simultaneously filed Memorandum Opinion, the Court declined to formally rule on the conflict issue.

The Court instead revoked the appearances of Mr. Balarezo and his local counsel, Mr. Daniel Dorsey, and appointed additional counsel, Mr. Jenkins, to assist in Mr. Montes-Bobadilla's defense.

The Court now understands from this Motion and the attached letter from Mr. Balarezo to Mr. Jenkins dated September 17, 2018 that Mr. Balarezo has continued to represent Mr. Montes-Bobadilla in this matter, and also advised him on other matters after being asked to desist by Mr. Jenkins.

This Court did not specifically find that Mr. Balarezo was disqualified for a conflict of interest as outlined in the Government's motion, as it believed it was unnecessary to do so after revoking his representation of Mr. Montes-Bobadilla because he was unavailable to try the case on the scheduled trial date. That appears to have been a mistake, as Mr. Balarezo has authored a letter to the Court on Mr. Montes-Bobadilla's behalf attempting to undermine my ruling and disrupt present counsel, Ms. Amato's, attorney-client relationship with Mr. Montes-Bobadilla. (The Court did invite Mr. Montes-Bobadilla to put in writing the reason he was raising his hand in court at the end of the hearing for unidentified reasons. This does not excuse Mr. Balarezo's authoring this letter.) This is extremely disturbing as Mr. Balarezo has received no discovery from the Government and has not spoken at length with present counsel, and therefore the Court assumes he knows little about the evidence or counsel's preparation. Ms. Amato has toiled for almost a year to discover the Government's case against her client competently as Mr. Montes-Bobadilla's court-appointed counsel. Mr. Montes-Bobadilla accepted court-appointed counsel in December 2017 and never indicated he had the funds to hire

retained counsel. Mr. Balarezo's sudden, last-minute appearance as retained counsel, when he also represents Joaquin Guzman, a known associate of Mr. Montes-Bobadilla, is more than a coincidence. The Court has no evidence that Mr. Balarezo is advising Mr. Montes-Bobadilla not to cooperate with the Government in its case against his client Mr. Guzman, and has no wish to prevent Mr. Montes-Bobadilla from consulting with any attorney about his charges here in the United States. However, the Court is unaware of any charges or issues Mr. Montes-Bobadilla faces other than his indictment here and his decision on whether to cooperate in the Government's case against Mr. Guzman. Those are matters to be left to counsel appointed to represent Mr. Montes-Bobadilla in this court, and Mr. Balarezo shall not discuss either topic with Mr. Montes-Bobadilla as of the date of this Order.

      Therefore, Mr. Balarezo is **ORDERED** to have no contact with Mr. Montes-Bobadilla himself or through a third party without express approval from this Court or Mr. Jenkins or Ms. Amato.

_____
Liam O'Grady
United States District Judge

September 27, 2018
Alexandria, Virginia