IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:15-CR-290-LO-1 |
| | ) | |
| NOE MONTES-BOBADILLA, | ) | The Honorable Liam O'Grady |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S MOTION TO SEAL AND SUPPORTING MEMORANDUM
PURSUANT TO LOCAL CRIMINAL RULE 49(E)

The United States, through undersigned counsel, submits this Motion to Seal pursuant to Local Rule of Court 49(E) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, and asks for an Order sealing the Government's Position on Sentencing and accompanying exhibits (collectively, "Government's Position on Sentencing"), which will be filed with the Clerk's Office on March 29, 2019.  The Government's Position on Sentencing will be filed under seal pursuant to Local Rule 49(E), which provides that the filing is to be treated as sealed pending the outcome of this motion to seal.

The United States seeks to file the Government's Position on Sentencing under seal because it contains information that should not be publicly available.  Specifically, the Government's Position on Sentencing contains information from sealed pleadings and cooperating sources.  Given the safety concerns involved in this case, and the fact that four co-defendants remain at large, this information should not be in the public domain.

This Court has the inherent power to seal materials submitted to it.  *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own

records and files, and access has been denied where court files might have become a vehicle for improper purposes."); *In re Sealed Affidavit(s) to Search Warrants Executed on February 14, 1979*, 600 F.2d 1256, 1257 (9th Cir. 1979) (recognizing that "the courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect the interests of the United States. The Government's Position on Sentencing should remain sealed until further Order of the Court.

A proposed sealing order is submitted herewith for the convenience of the Court.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

_____/s/_____
Thomas W. Traxler
James L. Trump
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3746
Facsimile (703) 299-3980
Email: Thomas.traxler@usdoj.gov


Arthur G. Wyatt, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

_____/s/_____
Anthony T. Aminoff
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division, U.S. Department of Justice
145 N Street, N.E., Washington, D.C. 20530
(202) 616-2379
Anthony.Aminoff@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

                                         _____/s/_____
                                         Thomas W. Traxler
                                         Assistant United States Attorney